IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:92CR14 |
| | ) | |
| v. | ) | |
| | ) | |
| ROY WILLIAMS, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the defendant's motion filed pursuant to 18 U.S.C. § 3582(c)(2) seeking an order directing that the Court resentence defendant based upon the enactment of Amendment 591 to the United States Sentencing Guidelines (Filing No. 1038).  Section 3582(c)(2) provides that a defendant who has been sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission pursuant to 28 U.S.C. § 994(O), upon motion of the defendant . . . the Court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) . . . ."

The defendant was sentenced on July 28, 1993, to a term of imprisonment of two hundred ninety-two (292) months.  This was the low end of the guideline range.  Defendant's motion is without merit for the following reasons:

1) Amendment 591 was not adopted and made retroactive. It was adopted by the United States Sentencing Commission and

made effective November 1, 2000.  Accordingly, a sentence imposed in 1993 is not subject to modification pursuant to the provisions of that amendment if it were applicable.

      2) The defendant was charged with conspiracy to distribute crack and powder cocaine, in violation of 21 U.S.C. § 646 and 841(a)(1).  Section 841(a)(1) provides that a violation of that section carries a sentence of not less than ten years nor more than life.  The jury found the defendant guilty of the conspiracy charged in Count I of the indictment, and the defendant's sentence was calculated under the then-applicable United States Sentencing Guidelines, which called for a sentence of two hundred ninety-two (292) months.  The guideline range under which defendant was sentenced has not been changed since 1993.

      There is nothing in Amendment 591 which, even if retroactive to 1993, would invalidate the calculation of the defendant's sentence or support a finding that the sentence should be set aside and the defendant resentenced.  For these reasons, defendant's motion for resentencing pursuant to 18

U.S.C. § 3582(c)(2) will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 4th day of January, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court